IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHIE CULLOM, an individual., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0996-HE |
| ) | |
| EASTER SEALS OKLAHOMA, INC., ) | |
| an Oklahoma corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Kathie Cullom filed this action against her former employer, Easter Seals Oklahoma, Inc. ("Easter Seals"), asserting claims under Title VII of the Civil Rights Act of 1964 and state law. Easter Seals has filed a motion for summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact 'exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" Carter v. Pathfinder Energy Services, Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting Zwygart v. Bd. of Cnty. Comm'rs, 483 F.3d 1086, 1090 (10th Cir.2007)). Having considered the submissions of the parties in light of this standard, the court concludes defendant's motion should be granted in part, denied in part and deferred in part.

The court's disposition of the motion has been made more difficult by plaintiff's failure to clearly state what discrimination claims she is asserting under Title VII. Her

petition[1] appears to assert essentially a disparate treatment claim, focusing on how she was treated differently from other workers during her employment, and a retaliatory discharge claim. However, in the Joint Status Report, plaintiff shifts focus to her discharge (rather than the various terms and conditions of her employment) as the basis for her race discrimination claim. And it was that characterization of the claim which defendant appears to have focused on in its response brief. Only in defendant's reply brief does it squarely address the issues related to plaintiff's claim of disparate treatment during her employment.

The court would not ordinarily consider issues raised for the first time in a reply brief. However, because defendant's misconception about the nature of plaintiff's claims is understandable given plaintiff's treatment of them, the court will defer determination of the motion — as related to the disparate treatment claim — until after plaintiff has had the opportunity to respond to defendant's arguments and evidence directed to that claim. Plaintiff is directed to file a surreply by Monday, May 27, 2013, which responds to the arguments and evidence in defendant's reply brief.

Insofar as plaintiff asserts a claim for termination based on race, the court concludes summary judgment for defendant is appropriate. As plaintiff has not offered direct evidence of discrimination and retaliation, her claims are analyzed under the McDonnell Douglas[2] burden-shifting analysis. EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1191

---

[1] Defendant removed the action from state court.

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

(10th Cir.2000). Under this framework, plaintiff bears the initial burden of establishing a prima facie case of discrimination or retaliation. *Id.* Once she makes out a prima facie case, she "raises a rebuttable presumption that the defendant unlawfully discriminated [or retaliated] against her." *Id.* The burden then shifts to the defendant to articulate a facially nondiscriminatory or nonretaliatory reason for the adverse employment action suffered by the plaintiff. *Id.* At this stage of the proceeding the defendant's burden is one of production, not persuasion. *Id.* If the defendant sustains its burden, plaintiff "bears the ultimate burden of demonstrating that [defendant's] proffered reason is pretextual." <u>Vaughn v. Epworth Villa</u>, 537 F.3d 1147, 1150 (10th Cir. 2008) (internal quotations omitted). Despite the shifting burden of production "under the <u>McDonnell Douglas</u> framework, the ultimate burden of proving intentional discrimination is borne by the plaintiff." <u>Horizon/CMS</u>, 220 F.3d at 1191-92.

To establish a prima facie case of termination on the basis of race, plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for and satisfactorily performing the job; and that (3) she was terminated under circumstances giving rise to an inference of discrimination. <u>Barlow v. C. R. England, Inc.</u>, 703 F.3d 497, 505 (10th Cir. 2012). Here, defendant challenges the second element, arguing plaintiff has not produced evidence sufficient to show she was satisfactorily performing her job at the time of her termination.

Defendant offers evidence indicating plaintiff was not performing satisfactorily in various ways. Some of those alleged facts plaintiff explicitly admits, including a pattern of

being repeatedly late for work in December 2009. She also appears to admit she got a written warning notice on January 26, 2010, "as a result of her frequent insubordination toward her supervisors and staff members."[3] Plaintiff's response also purports to dispute, based almost exclusively on her own very conclusory affirmations of fact, some of the specific allegations of misconduct included in defendant's brief. But for purposes of the McDonnell Douglas showing, the question is whether plaintiff has produced some evidence tending to show her satisfactory performance. The only thing she points to in her brief in that regard is her affidavit stating that she got a satisfactory performance review and was commended during the first year of her employment with Easter Seals.[4] Her employment with Easter Seals began in September 2007. Therefore, a review "during her first year" would have occurred in either 2007 or 2008. She was not terminated until May of 2010 — some two years later. There is therefore no proof in this record of plaintiff's satisfactory performance as of the time of her termination. Simply denying some of the specific complaints of misconduct is not sufficient to constitute an affirmative showing of satisfactory performance. Plaintiff having somewhat remarkably failed to put forth evidence of this element of a prima facie case of discrimination, defendant's motion as to this claim (i.e.

---

[3]*Plaintiff explicitly admitted defendant's Fact 15 to that effect. It is unclear from the imprecision of plaintiff's brief whether plaintiff intends to concede the substance of defendant's assertion or just to acknowledge what the stated basis for the warning was.*

[4]*Cullom affidavit [Doc. #19-2], ¶ 4.*

termination based on race) will be granted.[5]

As noted above, plaintiff also asserts a claim for retaliatory discharge. To establish a prima facie case of retaliation, plaintiff must show that "(1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between [her] opposition and the employer's adverse action." Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1181 (10th Cir. 2006). The court concludes plaintiff has established both a prima facie case[6] and created a fact dispute as to whether one of the reasons offered for her termination – insubordination – was pretextual. There is, to be sure, much apparently uncontroverted evidence of poor performance or misconduct by plaintiff which is consistent with defendant's stated reason for its termination of plaintiff. However, the task on summary judgment is not to weigh the evidence but rather to determine, using the formulation described above, whether a triable issue remains. The court concludes it does as to plaintiff's retaliatory discharge claim.

Plaintiff did not respond to defendant's arguments directed to her state law or Burk tort claims and has therefore confessed them. Defendant is therefore entitled to summary judgment as to those claims and also as to defendant's assertion that any front pay award

---

[5]*In the court's experience, there is virtually always some evidence offered of plaintiff's adequate performance — some sort of affirmative showing in this regard. But there is none here and it is not the court's job to fill in the gaps in plaintiff's briefing.*

[6]*Plaintiff filed a charge of discrimination with the EEOC on April 19, 2010, which constituted protected opposition. She was terminated on May 7, 2010, less than a month later. The short lapse of time between the two events provides some evidence of the necessary causal connection and, coupled with other evidence here, sufficient evidence of pretext.*

should be cut off as of September 30, 2012.

The court notes that the briefing in this case has been ragged in various respects. Some of the evidence relied on, if objected to, would likely be inadmissible, such as defendant's Exhibits 9-14. Also, plaintiff's reliance on a sort of general denial of misconduct in her affidavit, rather than addressing the specific incidents of alleged insubordination or unprofessional behavior, is insufficient to raise a factual issue.

In any event, defendant's motion for summary judgment [Doc. #15] is **GRANTED** with respect to plaintiff's state law claims and on the issue of the extent of front pay that may be recovered. The motion also is **GRANTED** as to plaintiff's discriminatory discharge claim. It is **DENIED** with respect to plaintiff's retaliatory discharge claim and **DEFERRED** with respect to her disparate treatment claim. Disposition of the disparate treatment claim will await plaintiff's additional submissions.

Because of the additional briefing that is required in order to resolve fully the current motion, this case is **STRICKEN** from the court's June trial docket and **CONTINUED** to the **July** docket.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE