**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KATHIE CULLOM, an individual., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-12-0996-HE |
| ) | |
| EASTER SEALS OKLAHOMA, INC., ) | |
| an Oklahoma corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Kathie Cullom filed this action against her former employer, Easter Seals Oklahoma, Inc. ("Easter Seals"), asserting claims under Title VII of the Civil Rights Act of 1964 and state law.  Easter Seals filed a motion for summary judgment, which the court granted with respect to plaintiff's discriminatory discharge claim and her state law claims, Summary judgment also was entered in defendant's favor on the issue of the extent of front pay that may be recovered.  The motion was denied with respect to plaintiff's retaliatory discharge claim and deferred with respect to her disparate treatment claim pending the filing of a surreply brief by plaintiff.

Analysis

As plaintiff has not offered direct evidence of discrimination, her claim is analyzed under the McDonnell Douglas[1] burden-shifting analysis. EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1191 (10th Cir.2000).  Under this framework, plaintiff bears the initial

---

[1]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

burden of establishing a prima facie case of discrimination. *Id.* Once she makes out a prima facie case, she "raises a rebuttable presumption that the defendant unlawfully discriminated [or retaliated] against her." *Id.* The burden then shifts to the defendant to articulate a facially nondiscriminatory or nonretaliatory reason for the adverse employment action suffered by the plaintiff. *Id.* At this stage of the proceeding the defendant's burden is one of production, not persuasion. *Id.* If the defendant sustains its burden, plaintiff "bears the ultimate burden of demonstrating that [defendant's] proffered reason is pretextual." Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008) (internal quotations omitted). Despite the shifting burden of production "under the McDonnell Douglas framework, the ultimate burden of proving intentional discrimination is borne by the plaintiff." Horizon/CMS, 220 F.3d at 1191-92.

To establish a prima facie case of disparate treatment on the basis of race, plaintiff must show that: (1) she belongs to a protected class; (2) she suffered an adverse employment action; and (3) "disparate treatment among similarly situated employees." Carney v. City & Cnty of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008). Here, defendant challenges the third element, arguing plaintiff has not produced evidence sufficient to show it discriminated against her by paying her less than other teachers, denying her pay raises that others received, not allowing her to attend workshops, and denying her work breaks.

Plaintiff responds that she has met her burden of proof. However, the evidence she offers is insufficient to establish that material questions of fact exist with respect to any of her cited examples of disparate treatment.

Plaintiff contends that she was told when she was hired that all starting teachers were paid $10.50 an hour, but that a non black teacher, Denise Kruid, who was hired after her, but "at the same level and grade with the same qualifications was started at $13 per hour in 2010." Doc. #40, pp. 4-5. Plaintiff's evidence on this issue consists of her statement in her affidavit that she "was aware" that Ms. Kruid was paid more and three personal transaction authorization forms. Doc. Nos. 40-2, ¶ 5; 19-7. The forms reflect that plaintiff was hired at a salary of $10.50/hour and in September 2008 was given a raise during her annual salary review to $10.87/hour, and that Ms. Kruid was given a salary increase in September 2010 during her annual salary review from $13/hour to $13.52/hour.

Plaintiff's conclusory assertion of her "awareness" is insufficient to demonstrate disparate treatment and the forms she has submitted fail to refute defendant's evidence that plaintiff's position, and hence her salary, were not comparable to Ms. Kruid's.[2] Plaintiff was an Associate Level Teacher, while Ms. Kruid was hired as a Certified Level Teacher. The associates level position requires an associates degree, while the certified level position requires a bachelors degree. Doc. #20-4. Defendant's salary scale reflects the different educational levels of the two positions. Under it a certified or BA level teacher is paid $12-14/hour, while an associate level teacher is paid $10.50-11.75/hour. Doc. Nos. 20-3, 20-4.[3]

---

[2]*The statements of Janet Fultz in her affidavit that she "was aware that teachers were paid differently. I was aware that the African American teachers were paid lower than the non-black teachers," Doc. #40-3, is too conclusory to demonstrate disparate treatment. Neither plaintiff nor Ms. Fultz provide the court with the evidence or facts upon which they base their "awareness."*

[3]*Plaintiff acknowledged in her response brief that an employee's receipt of "more pay because they have bachelor degrees may be a credible defense." Doc. #19, pp. 23-24.*

Plaintiff has not demonstrated disparate pay treatment among comparable individuals.

Plaintiff also has failed to offer admissible evidence that she, but not other teachers, was denied a pay raise. She again states only that she "was aware" that Ms. Kruid, along with eight named employees,[4] received pay raises in 2010. Without offering some evidentiary basis for her "awareness," plaintiff has not shown the existence of a material fact dispute on her claim she was discriminated against when she was not given a raise.[5]

As for her claim that other teachers were given "floaters" to allow them to take frequent breaks, while she was denied that privilege, plaintiff cites no evidence in her surreply on this issue, and does not discuss it other than to state that she "was denied such privileges." Doc. #40, p. 5. Her conclusory assertion in her affidavit that she was not allowed to take breaks while other, unidentified teachers were provided floaters, which enabled them to take breaks, is similarly insufficient to create a question of fact on the issue for the jury.

Defendant asserts that the only evidence plaintiff presented to support her claim that she was not allowed to attend workshops was the statement in her affidavit that she was "denied workshop privileges which the other teachers enjoyed frequently." Doc. # 19-2, ¶4. It argues that plaintiff did not, in her affidavit, identify any workshop she was not allowed to attend or name a teacher who was permitted to do so, and that in her deposition plaintiff

---

[4]Some of these individuals are referred to only by their first names.

[5]Plaintiff also testified during her deposition, when asked if she was aware of anyone who did get a pay raise: "I'm not sure." Doc. #20-2, p. 105.

"could not identify a single workshop that she was not permitted to attend, much less the dates of the workshops or how many there were." Doc. #20, p. 3 (citing Doc.#20-2, pp. 105-06). Plaintiff responds that she testified in her deposition, when asked to specify the workshops she was prohibited from attending, "that there were several of them and [she] would produce them at a later time, and that those incidents occurred within the years of 2009, and 2010." Doc. #40, p. 6, citing Doc.#40-4, pp. 105-06. In her surreply brief plaintiff does not, though, provide any additional, specific information or indicate that she did "produce them at a later time." Plaintiff simply has failed to come forward with sufficient evidence to demonstrate a genuine issue of fact as to this allegation of discriminatory treatment.[6]

Plaintiff has failed to offer sufficient evidence to create a fact question as to whether defendant treated her differently because of her race. Evidence of more than a party's mere belief or awareness is required before a claim may proceed to a jury. Although the "summary judgment standard requires [the court] to view the facts in the light most favorable to the non-moving party[,] it does not require [it] to make unreasonable inferences in favor of the non-moving party." Carney, 534 F.3d at 1276 (internal quotations omitted).

Accordingly, defendant's motion for summary judgment [Doc. # 15] is granted with respect to plaintiff's disparate treatment claim. Only plaintiff's retaliatory discharge claim

---

[6]*Part of plaintiff's surreply is devoted to her other claims. However, in its May 16, 2013, order, the court granted defendant summary judgment on plaintiff's discriminatory discharge claim and denied summary judgment on her retaliatory discharge claim. The purpose of the surreply was for plaintiff to address defendant's evidence and argument that pertained to her disparate treatment claim.*

remains for trial.

**IT IS SO ORDERED**.

Dated this 17th day of June, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE